UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD GARDNER,

        Plaintiff,

Case No. 1:23-cv-34

Hon. Robert J. Jonker

v.

CAPITAL ONE,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Todd Gardner. For the reasons set forth below, this complaint should be dismissed.

**I.    Discussion**

*Pro se* plaintiff has filed a complaint against defendant Capital One based on diversity of citizenship. *See* Compl. (ECF No. 1, PageID.3). In addition, plaintiff alleged that defendant "is in violation of various federal laws." *Id*. at PageID.4. Plaintiff provided the following statement of his claim:

> Capital One has and is still actively violating several federal law statutes and my consumer rights which is damaging my life.
> .

*Id*. For his relief, plaintiff asks for "Financial damages and emotional distress." *Id*. Attached to the complaint is a letter from defendant stating: that plaintiff contacted it about his Capitol One account; that it removed his name and address from future credit offers; that plaintiff's account was charged off as unpaid debt on December 3, 2022 "due to non-receipt of payment for 180 days"; and that "[i]t is important to note that although the debt is charged-off, the balance is still owed." Letter (ECF No. 1-2). On the letter, someone (presumably plaintiff) included handwritten

"violations" listing what appear to be 39 civil and criminal statutes. *Id*. at PageID.9. Plaintiff also attached a separate paper which appears to be a notice stating among other things that, "This is an attempt to collect this debt and any information obtained will be used for that purpose." *Id*. at PageID.10.

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 4). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally

construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

Here, plaintiff's complaint consists of a conclusory claim that defendant is "violating several federal law statutes and my consumer rights."  Plaintiff cites no facts to support this claim against defendant or to demonstrate that defendant violated any of the statutes listed on the attachment.  Plaintiff's complaint consists of nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief.  *Id*.  Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  February 6, 2023                              /s/ Ray Kent
                                                      RAY KENT
                                                      United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).